### Daniel Stern v. Bradner Smith & Company.

#### Gen. No. 12,610.

1. PROMISE TO PAY—*what not equivalent to.* A proposition to give a new note is not the equivalent of a promise to pay an indebtedness.

2. MORAL CONSIDERATION—*what not sufficient to support new promise.* A debt discharged by bankruptcy is not a debt paid, and the moral

obligation to pay such debt is sufficient consideration to support a new promise to pay.

3. INSTRUCTION—*should not pertain to immaterial issue.* An instruction which directs the attention of the jury to an issue immaterial in the case, is properly refused.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed July 13, 1906.

**Statement by the Court.** This is an appeal from a judgment for $6,418.36 in an action of *assumpsit* commenced by the appellee against appellant in the Circuit Court. The declaration counted on a promissory note bearing date August 12, 1892, for the sum of $5,000 due on or before two years after date with interest at six per centum per annum until maturity, and at the rate of seven per centum thereafter. The common counts were also included in the declaration. The defendant, appellant, filed a plea of the general issue and a second special plea setting up his discharge in bankruptcy. To this special plea plaintiff replied a new promise to pay the note after the discharge in bankruptcy.

On the trial the jury returned a verdict for the above amount, and judgment was rendered on it.

DAVID K. TONE and RALPH F. STERN, for appellant.

C. H. STEVENSON and P. H. BISHOP, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The principal question of fact at issue before the jury was whether the appellant made an unconditional promise to pay the note with interest, after appellant filed his petition in bankruptcy.

On that issue H. T. Smith, treasurer of appellee, testified that a few days after appellant's petition in bankruptcy was filed he had a talk with appellant in which appellant said that he had filed his petition in bankruptcy in order to

get rid of some notes which he had indorsed for his brothers, who had failed, but that it would not affect his indebtedness to appellee, which he would pay in full. He considered it a debt of honor. This promise was repeated a number of times to the witness by appellant on occasions when they met.

Opposed to this testimony is the testimony of appellant and his attorney to the effect that some time before the discharge appellant proposed to the witness Smith that he would execute a new note for the amount of the old one, provided appellee would surrender certain certificates of stock, and after some delay the proposition was declined. Appellant testified that he had never at any time or place promised to pay the note.

The proposition to give a new note made by appellant was not a promise, conditional or otherwise, to pay the indebtedness. Porter, Admr., v. Porter, 31 Maine, 169. There is, therefore, no conditional promise in the case, as argued by appellant. Nor does the establishment of the fact that such a proposition was made and declined tend in any way or to any extent to show that the promise to pay the note as testified to by the witness Smith was not made.

The question of fact, therefore, as to the new promise to pay the indebtedness is reduced to the testimony on the part of Smith to such new promise and the denial by appellant that such a promise was made. We must regard the verdict of the jury as settling the question.

The claim made on behalf of appellant that the payments of interest on the note were made to protect the real estate mortgaged to secure it, cannot, we think, explain away such payments or diminish their effect as bearing upon the issue here presented, for the bankruptcy proceedings divested appellant of all title to the real estate and he had no interest therein to protect. The inference that the payments of interest were made for that purpose cannot be drawn from the mere fact of the payments, and we find in the record no other evidence from which such

an inference can be drawn.    This contention of counsel, we think, is without merit.

All the authorities agree that a debt discharged by bankruptcy proceedings is not a debt paid.    The moral obligation remains, and it is a sufficient consideration for a new promise to pay.    Upon the merits of the controversy, therefore, appellee made its case, and we cannot disturb the judgment on that ground.

It is claimed that the court erred in giving the following instruction requested by appellee:

"1.    The jury are instructed that if they believe from the evidence that after the defendant received his discharge in bankruptcy he promised the plaintiff that he would pay it the amount then remaining unpaid upon the note which has been introduced in evidence, then the jury should find the issues for the plaintiff."

The objection made to the instruction is that it makes no reference to the conditions upon which the promise was made.    As we have above indicated, the proposition to give a new note, provided certain certificates held by appellee were surrendered to appellant, is something different and wholly apart from the promise to pay the indebtedness proved by appellee.    The proposition according to all the evidence was declined by appellee and it therefore amounted to nothing, and served no purpose in the case.    It would have been proper to exclude it from the case.    For this reason it was not error to omit any reference to it in the instruction.    The issue before the jury was whether appellant had promised to pay the indebtedness as testified by the witness Smith.    The instruction properly submits the question to the jury.

It is urged on behalf of appellant that the court erred in refusing to give to the jury instruction numbered 19. This instruction incorporates the proposition above referred to and was properly refused for the reasons given above.

Instruction numbered 13, in relation to the payments of interest between the date of the filing of the petition in bankruptcy and the date of appellant's discharge, was

644    APPELLATE COURTS OF ILLINOIS.

properly refused. It does not state the law applicable to the case correctly.

Instruction numbered 16 was properly refused for the reason that it is based upon the rejected proposition above stated and directs the jury, if they believe the proposition was made and that it was rejected by appellee, their verdict should be for the defendant. This was an immaterial issue, and it would have been error to give the instruction.

We find no error in the rulings of the court in the admission and exclusion of evidence. The verdict was not contrary to the weight of the evidence. The judgment of the Circuit Court is affirmed.

*Affirmed.*